UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTOINETTE ANDERSON | CIVIL ACTION |
| VERSUS | NO. 09-4160 |
| THE LAW FIRM OF SHORTY, DOOLEY & HALL, ET AL. | SECTION "R" (3) |

**ORDER**

On August 4, 2009, *pro se* plaintiff, Antoinette Anderson ("Anderson" or "plaintiff"), filed the captioned matter in this district court against a number of defendants.[1] Plaintiff now moves the Court to file her first amended and supplemental complaint, adding as defendants Judge Kern A. Reese and Judge Sidney H. Cates, IV of the Civil District Court for the Parish of Orleans. Anderson's claims against Judge Reese are predicated on his grant of an exception of no right of action in her state-court suit against the Law Firm of Shorty, Dooley & Hall. Anderson's claims against Judge Cates are predicated on his grant of summary judgment in favor of Entergy Corporation in a personal injury suit in state court.

On September 2, 2009, this Court ordered plaintiff to show cause by September 25, 2009 why the Court should not deny the motion on the ground of absolute judicial immunity [Doc. #22]. Plaintiff timely filed Plaintiff's Objection and Response to Court Order to Show Cause Why

---

[1] On July 30, 2009, this Court granted Anderson pauper status. [Doc. #5].

1

Plaintiff's First Amended and Supplemental Petition Before Filing of an Answer Should Not Be Dismissed on the Ground of Absolute Judicial Immunity [Doc. #36]. In plaintiff's response, she admits that she seeks only injunctive and declaratory relief against Judge Cates. Pl.'s Objection and Response [Doc. #36] at p. 6.[2] Indeed, Plaintiff's First Amended and Supplemental Petition asks that "[t]he court issue injunctive relief from the judicial officials [sic] ruling which deprives her of her property in violation of her constitutional due process." Accordingly, plaintiff has now clarified to the Court that she seeks only injunctive and declaratory relief against Judges Reese and Cates.

The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; *Wilkerson v. Lanier*, Civ. A. No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); *see also Nollet v. Justices of the Trial Court of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass.), *aff'd*, 248 F.3d 1127 (1st Cir. 2000). Assuming declaratory relief is available to plaintiff, injunctive relief is not.

However, even were the Court to assume that injunctive or declaratory relief were available to plaintiff – which they are not – the Court would find that the *Rooker-Feldman* doctrine would bar any such claims here. Under the *Rooker-Feldman* doctrine, a federal district court may not consider collateral attacks on state court judgments, even if it is alleged that the state court's actions were unconstitutional. *Hulteberg v. Louisiana*, 163 F.3d 1356, 1998 WL 857887, at *4 (5th Cir. Nov. 18,

---

[2] Although unclear from plaintiff's pleadings, the Court assumes that she seeks the identical relief from Judge Reese.

1998) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) & *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). "Nor may a party circumvent this rule by bringing a § 1983 claim which alleges that the state court decision caused a deprivation of rights protected by the Constitution." *Hulteberg*, 1998 WL 857887, at *4.

That is precisely what plaintiff seeks to do here. As noted above, plaintiff alleges that Judge Cates and Judge Reese deprived her of her property and her civil rights in violation of the Constitution when they granted an exception of no cause of action and a motion for summary judgment. This Court has no authority under the *Rooker-Feldman* doctrine to review these state-court judgments. *See also Johnson v. Bigelow*, 239 Fed. Appx. 865, 865-66 (5th Cir. 2007) ("The dismissal of his claims for [declaratory and injunctive] relief was nevertheless appropriate as the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties.").[3] Any grant of leave to allow plaintiff to file her amended and supplemental complaint would be an exercise in futility. Accordingly,

**IT IS ORDERED** that the Motion to File Plaintiff's First Amended and Supplemental Petition Before Filing of an Answer is DENIED.

---

[3] The Court notes that the proper avenue of relief for plaintiff would have been through the state appellate courts.

New Orleans, Louisiana, this 13th day of October, 2009.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**