UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTOINETTE ANDERSON                                CIVIL ACTION

VERSUS                                             NO: 09-4160

LAW FIRM OF SHORTY DOOLEY &                        SECTION: R(1)
HALL, ET AL.


**<u>ORDER AND REASONS</u>**

Before the Court are the motions to dismiss of: defendants the Law Firm of Shorty, Dooley & Hall and Michael J. Hall (collectively, the "Shorty Defendants") (R. Doc. 24); defendants James A. Stapp, the Law Offices of Harold G. Toscano, and Allstate Insurance Company (collectively, the "Allstate Defendants") (R. Doc. 37); defendants Entergy Corporation, Marcus V. Brown, Paul A. Castanon, and Leila D'Aquin (collectively, the "Entergy Defendants") (R. Doc. 41); and defendant Antoine Turner ("Turner") (R. Doc. 47). Also before the Court is plaintiff Antoinette Anderson's motion to set date for hearing of evidence. (R. Doc. 54.)

## I. BACKGROUND

On April 12, 2006, plaintiff Antoinette Anderson was involved in a one-car accident in the Milan neighborhood of New Orleans. Specifically, Anderson was a passenger in a car that drove into a hole at the intersection of Milan and South Miro Streets, and she claims to have suffered back and hip injuries as a result. (*See* R. Doc. 6-1 ¶¶ 7-8.) Defendant Turner was the driver of the vehicle. (*Id.* ¶ 7.) Defendant Allstate was Turner's automobile insurer and compensated Turner for property damage arising from the accident.

After the accident, Anderson hired the Shorty Defendants, and specifically Michael J. Hall, to prosecute her personal injury action in the Civil District Court for the Parish of Orleans. (*Id.* ¶ 10.) An action was apparently filed by the Shorty Defendants on April 12, 2007. (*Id.* ¶ 11.) Anderson subsequently terminated her relationship with the Shorty Defendants as well as another law firm and is now proceeding *pro se* in state court. (*Id.* ¶ 14.) All defendants before this Court appear to have been involved, either as parties or attorneys, in the state court action.

Anderson filed this federal action on August 8, 2009, invoking the Court's federal question jurisdiction. (*Id.* ¶ 1.) The suit was brought under 42 U.S.C. §§ 1983 and 1985 to redress

2

purported due process and equal protection violations occurring during the state court proceedings. Anderson's federal complaint makes the following relevant factual allegations:

1. The Entergy Defendants intentionally denied responsibility for public work at Milan Street and South Miro Street on April 12, 2006. (*Id.* ¶ 35.)

2. The Entergy Defendants obtained their dismissal "by making fraudulent misrepresentation that their company was not involved in public or private work in the City of New Orleans on April 12, 2006." (*Id.* ¶ 20.)

3. The Entergy Defendants' motion for summary judgment was granted before Anderson had an opportunity to "fil[e] an answer" or conduct discovery. (*Id.* ¶ 22.)

4. All defendants "acted in concert to protect Entergy Corporation by failing to identify them as a defendant and failing to object to their dismissal from the lawsuit." (*Id.* ¶ 23; see also id. ¶ 24.)

5. The Allstate Defendants failed to investigate facts, and arbitrarily answered her complaint in bad faith. (*Id.* ¶ 26.)

6. The Allstate Defendants claimed that Anderson was contributorily negligent with knowledge that other parties were negligent. (*Id.* ¶ 27.)

3

> 7. The Shorty Defendants failed to adequately represent Anderson. (*Id.* ¶ 27.)
> 8. All defendants violated Anderson's due process and property rights by denying responsibility and liability for the April 12, 2006 accident. (*Id.* ¶ 30.)
> 9. Defendants attorneys' acted in bad faith. (*Id.* ¶ 39.)

Anderson further claims that all defendants are liable for negligence and intentional infliction of emotional distress. (*Id.* ¶ 37, 40.) All defendants in this action have filed motions to dismiss except for the City of New Orleans and Derek Mercadel. The Court has already denied Anderson's first motion to file an amended and supplemental complaint because it was deemed futile. (*See* R. Doc. 44.)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The factual

4

allegations must "raise a reasonable expectation that discovery will reveal evidence" of liability.  *Twombly*, 550 U.S. at 556. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The court is not, however, bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 149-50.  Although *pro se* plaintiffs are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

**III. DISCUSSION**

**A.    Section 1983**

To maintain a claim under 42 U.S.C. § 1983, Anderson must allege that defendants violated a right secured by the Constitution and the laws of the United States, and show that the deprivation was committed by a person acting under color of state law.  *See Cornish v. Corr. Servs. Corp.* 402 F.3d 545, 549 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).  When the defendants are unquestionably private entities, state action

5

may be found under two circumstances.  *See Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).  First, a private entity may be deemed a state actor when the entity performs a function that is traditionally the exclusive province of the state.  *Id.*  Second, state action may be found when there is a nexus between the state and the action of the private defendant "such that the action is fairly attributable to the state."  *Id.*  A state is not responsible for a private party's decisions unless it "has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state."  *Id.*

Anderson has failed to state a claim under § 1983 for two independent reasons.  First, she has failed to allege a violation of a right secured by the Constitution and the laws of the United States.  The gravamen of Anderson's complaint is that the defendants violated her due process and equal protection rights by contesting liability for her personal injury claims.  She also challenges the adequacy of her legal representation.  Although this alleged conduct may have diminished the prospects of her state court proceedings, it does not violate her constitutional rights.  The Constitution does not prohibit the vigorous defense of lawsuits. *See Powell v. Worker's Comp. Bd. of the State of N.Y.*, 327 F.2d 131, 137 (2d Cir. 1964) (finding that "allegations

contained in [§§ 1983 and 1985(c)] complaint indicate no more than the action of several interested parties to a . . . proceeding, who sought vigorously to protect their own interests"). Nor does the "constitutional right to effective assistance of counsel . . . apply in a civil action such as a § 1983 claim." *Ham v. Brice*, 203 F. App'x 631, 635 (5th Cir. 2006).

The only allegation in Anderson's complaint remotely suggesting a constitutional violation is that the state court dismissed the Entergy Defendants before Anderson had an opportunity to respond to their motion for summary judgment. But the appropriate avenue of redress for this purported constitutional violation is the state court appellate process. *See Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986) ("A lengthy line of decisions in our court . . . holds that litigants may not obtain review of state court actions by filing complaints about those action in lower federal courts cast in the form of civil rights suits."); *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (holding that "federal district courts lack jurisdiction to entertain collateral attacks on state judgments"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Anderson calls on this Court to review issues that are "inextricably

7

intertwined" with the state court's decision to dismiss her claims against the Entergy Defendants (*i.e.*, whether the Entergy Defendants were properly dismissed), and the originality of this Court's jurisdiction precludes such review. *Shepherd*, 23 F.3d at 924.

Second, Anderson has failed to plead facts suggesting that defendants acted under color of state law. The only alleged connection between the State of Louisiana and the Shorty Defendants, the Allstate Defendants, and Turner is that they all acted "in collusion." (*See* R. Doc. 6 ¶¶ 2-3, 38.) The complaint includes no factual allegations in support of this purported "collusion" other than that the parties were all defending against Anderson's state court action. This does not come close to alleging that the State of Louisiana was responsible for defendants' purported constitutional violations. *See Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980) ("It is not sufficient to allege that the [private and state] defendants merely acted in concert or with a common goal."); *Powell*, 327 F.2d at 137 ("[P]laintiff was bound to do more than merely state vague and conclusionary allegations respecting the existence of a conspiracy.").

Anderson asserts that the Entergy Defendants executed a

"franchise agreement" that permits Entergy "to perform public work on City property without notice of public work activities." (*Id.* ¶ 4.) This allegation fails to establish state action for two reasons. First, "[d]eciding whether a deprivation of a protected right is fairly attributable to the State 'begins by identifying the specific conduct of which the plaintiff complains.'" *Cornish*, 402 F.3d at 550 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999). Here, the Entergy Defendants' alleged construction contract with the City of New Orleans has nothing to do with the alleged Constitutional violations in this case, *i.e.*, misconduct in state court proceedings. Accordingly, Anderson has failed to plead "a sufficiently close nexus between the State and *the challenged action* of" the Entergy Defendants. *Id.* (emphasis in original). Second, the "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Cornish*, 402 F.3d at 549. Thus, the mere fact that the Entergy Defendants performed services for the City of New Orleans, which is all Anderson alleges, is insufficient to make them state actors within the meaning of § 1983.

For the reasons stated, Anderson's § 1983 must be DISMISSED

as to the Shorty Defendants, the Allstate Defendants, the Entergy Defendants, and Turner.

**B.   Section 1985**

To maintain a claim under 42 U.S.C. § 1985(c), a plaintiff must allege (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). In addition, the plaintiff must allege "discriminatory animus" based on race, some other inherited or immutable characteristics, or political beliefs or associations. *Galloway v. State of La.*, 817 F.2d 1154, 1159 (5th Cir. 1987); *see also Wong*, 881 F.2d at 202-203.

Anderson has failed to state a claim under § 1985 for several reasons. First, as already discussed, she has failed to sufficiently allege a deprivation of the equal protection of the laws. Second, she has failed to sufficiently allege the existence of a conspiracy. Anderson's conclusory allegations that defendants acted "in collusion" (*see* R. Doc. 6 ¶¶ 2-3, 38) suggest "no more than the action of several interested parties to

10

a . . . proceeding, who sought vigorously to protect their own interest, coupled with the normal administrative processes of adjudication." *Powell*, 327 F.2d at 137. Third, Anderson has failed to allege that she was subject to discriminatory animus based on her membership in a protected class. Anderson alleges misconduct in the state court proceedings, but she does not allege that this misconduct has anything to do with her immutable characteristics or political beliefs.

For the reasons stated, Anderson's § 1985 claim must be DISMISSED as to the Shorty Defendants, the Allstate Defendants, the Entergy Defendants, and Turner.

## C. Pendent state law claims

Having dismissed Anderson's §§ 1983 and 1985 claims, the Court also exercises its wide discretion and DISMISSES Anderson's pendent state law claims as to the Shorty Defendants, the Allstate Defendants, the Entergy Defendants, and Turner. *See Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

## D. Anderson's Motion to Set Date for Hearing of Evidence

For the reasons stated, Anderson's motion to set date for hearing of evidence is moot and therefore DENIED.

IV. **CONCLUSION**

For the reasons stated, the motions to dismiss of the Shorty Defendants, the Allstate Defendants, the Entergy Defendants, and Turner are GRANTED, and Anderson's claims against these defendants are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 16th day of November, 2009.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE