# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTOINETTE ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4160** |
| **LAW FIRM OF SHORTY, DOOLEY & HALL, ET AL.** | **SECTION "R" (3)** |

## REPORT AND RECOMMENDATION

On December 16, 2009, and after oral hearing, this Court took under advisement defendants' Motion for Rule 11 Sanctions [Doc. #45] and plaintiff's Motion for Sanctions and Rule to Show Cause [Doc. #70].[1] For the following reasons, the Court RECOMMENDS that defendants' Motion for Rule 11 Sanctions [Doc. #45] be DENIED and that plaintiff's Motion for Sanctions and Rule to Show Cause [Doc. #70] be DENIED.

**I.    Facts**

Plaintiff Antoinette Anderson ("plaintiff") hired the Law Firm of Shorty, Dooley & Hall, L.L.C. and Michael C. Hall ("the Shorty defendants") to represent her in her divorce proceeding and in a personal injury suit in state court. In response to a Petition for Divorce filed against plaintiff in the Civil District Court for the Parish of Orleans, the Shorty defendants filed an Answer and

---

[1] The District Court referred this motion to the undersigned by order dated October 21, 2009 [Doc. #50].

Reconventional Demand. After plaintiff informed them that she had reconciled with her husband, the Shorty defendants continued the hearing on the petition for divorce. In the personal injury action, the Shorty defendants filed a petition for damages that named the City of New Orleans and Allstate Insurance Company as defendants. Plaintiff had been injured in a one-car accident after the truck that her husband was driving struck an uncovered hole in the 4200 block of South Miro Street.

Later, plaintiff – as a pro se litigant – filed a Petition for Protection against her husband in a new state-court suit. Her husband then filed a motion for a restraining order against her. The state-court judge eventually consolidated the second proceeding with the first divorce proceeding.

On May 18, 2007, and due to a lack of cooperation on plaintiff's part and a refusal to accept the advice of counsel, the Shorty defendants withdrew as counsel of record in both the divorce proceeding and the personal injury suit. Plaintiff was advised to stop by the Shorty defendants' offices to retrieve her two files, which she did.

Plaintiff then sued the Shorty defendants in state court, alleging negligence in the handling of her suits. (*See* Ex. A., attached to the Shorty Defs.' Mem. In Supp. of Mot. to Dismiss Pl.s' Compl. [Doc. #24-10]). After the Shorty defendants filed an answer, reconventional demand and exceptions, the state court summarily dismissed her claims with prejudice for failure to state a cause of action and no right of action. Rather than pursuing appellate review of the state-court judgment, plaintiff sued the Shorty defendants in federal court. This Court dismissed on the ground that the *Rooker-Feldman* doctrine barred her claims since she was, in essence, asking the federal court to sit in review of the state-court judgment. *Antoinette A. Turner v. Tiffany G. Chase, et al.*, Civ. A. No. 08-3884 (E.D. La.), [Doc. #59]. The Fifth Circuit affirmed. *Turner v. Chase*, 334 Fed. Appx.

2

657, 2009 WL 1747788 (5th Cir. June 22, 2009).

Plaintiff then filed this suit under 42 U.S.C. § 1983, alleging, *inter alia*, that the Shorty defendant deprived her of her constitutional rights through the negligent handling of her state-court personal-injury lawsuit. [Doc. #6]. The District Court recently dismissed the Shorty defendants (among others) with prejudice on the ground that plaintiff failed to allege the deprivation of a constitutional right and to plead facts that the Shorty defendants acted under the color of state law. [Doc. #61].

## II. The Parties' Contentions

### I. The Shorty Defendants

In short, the Shorty defendants seek as sanctions their attorneys' fees for having had to defend against these numerous frivolous suits. Specifically, the Shorty defendants argue that plaintiff filed the suit here for improper purposes – such as harassment – when she should have known that her suit faced dismissal under the *Rooker-Feldman* doctrine. In the first federal proceeding, the Shorty defendants note, both the federal district court and the Fifth Circuit made clear that federal district courts lack subject matter jurisdiction over collateral attacks on state court judgments.[2]

Citing Fifth Circuit case law, the Shorty defendants maintain that a suit is frivolous if it is "so lacking in arguable merit as to be groundless or without foundation." *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir. 1983). The Shorty defendants assert that plaintiff is

---

[2] Indeed, this Court denied her motion for leave to amend her complaint to add the two state-court judges on the ground, *inter alia*, of the *Rooker-Feldman* doctrine. [Doc. #44].

3

harassing them by repeatedly filing suits that have consistently been dismissed for failure to state a cause of action, no right of action and lack of subject matter jurisdiction. Lastly, the Shorty defendants note that simply because a plaintiff's filings are pro se does not offer plaintiff an impenetrable shield, for one acting pro se does not have a license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets. *Farguson v. Mbank Houston, N,A,*, 808 F.2d 358, 359 (5th Cir. 1986).

## II. Anderson

It is unclear from plaintiff's motion whether it is a motion for sanctions against the Shorty defendants or whether it is an opposition to their motion. Plaintiff asks that the motion be granted and avers:

1. The motion is not filed for any improper purpose.

2. The claims and issues are warranted by existing laws.

3. The factual contentions are supported by evidence.

4. Plaintiff notified defendants of her intent to file sanctions.

Plaintiff cites no law in her motion for sanctions. Neither does she explain why this Court should subject the Shorty defendants to sanctions.

### 3. The Shorty Defendants' Reply

The Shorty defendants ask the Court to strike plaintiff's motion for failure to comply with Federal Rule of Civil Procedure 11(c)(2). The Shorty defendants argue that plaintiff did not serve them with the motion 21 days before filing it.

## III. Analysis

### 1. The Shorty Defendants' Motion for Sanctions

The Court may impose appropriate sanctions, including attorney's fees and costs, on an attorney who files a pleading in violation of Rule 11 of the Federal Rules of Civil Procedure. *See Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). Rule 11 provides that when an attorney submits a pleading to the court, she certifies to the best of her knowledge, information and belief that (1) the pleading is not interposed for any improper purpose, such as harassment, unnecessary delay or increased costs of litigation; (2) the pleading is warranted by existing law or a good faith argument for modification of existing law; and (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b); *Childs v. State Farm Mut. Ins. Co.*, 29 F.3d 1018, 1023 (5th Cir. 1994); *American Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 529 (5th Cir. 1992).[3] Once a court finds that counsel or a party has violated Rule 11, the imposition of sanctions is mandatory. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 876 (5 th Cir. 1988). If the Court imposes sanctions, however, it has considerable discretion in fashioning the appropriate sanction, even though the rule expressly provides for attorneys' fees and reasonable expenses. *See id.* at 877.

The crux of the Shorty defendants' argument is that plaintiff has filed the suit here for no

---

[3] A party who seeks Rule 11 sanctions must notify the offending party 21 days before presenting the motion to the court so that the offending party can withdraw the claim or correct its defects. Fed. R. Civ. P. 11(c)(a). At the oral hearing on the motions, plaintiff provided evidence that she complied with this obligation. Accordingly, the Court rejects the Shorty defendants' request that it strike plaintiff's motion on this ground.

other reason than harassment. The Fifth Circuit has held that "[r]epeat litigation of identical claims over identical subject matter may support an inference that the litigation was meant to harass opposing parties." *St. Amant v. Bernard*, 859 F.2d 379, 384 (5th Cir. 1989); *see also Bruno v. Starr*, 247 Fed. Appx. 509, 2007 WL 2693089, \*\*510-11 (5th Cir. Sept. 10, 2007) (affirming award of sanctions after plaintiff filed five suits for claims arising out of the same transaction and plaintiff had been denied relief in all of them); *Mclaughlin v. Bradlee*, 803 F.2d 1197, 1205-06 (D.C. Cir. 1986) (awarding sanctions against plaintiff for filing four suits based on same facts); *Baker v. African Methodist Episcopal Church Non-Profit, Inc.*, No. 404CV174, 2005 WL 1411905 (S.D. Ga. Apr. 22, 2008) (ordering plaintiff to show cause why the court should not sanction him and enjoin him from filing similar frivolous suits after plaintiff filed four suits based on same facts).

In Civil Action No. 08-3884 in this Court, plaintiff alleged the following against the Shorty defendants:

> (1) Plaintiff in the proceeding in state court was deprived of her constitutional right of due process file [sic] evidence into record omitted by her former attorney Michael J. Hall.
> (2) Judge Tiffany G. Chase and professional counselors acted in concert, took negative actions against plaintiff that, [sic] aided Antoine P. Turner's scheme to deprive her of personal property in excess of $100,000.00 and real [sic] in excess of $200,000 violation [sic] of U.S. Constitution recognized and protected interest and rights.
> (3) Defendants, who are professionals in the legal industry, committed misconduct in violation of professional code of conduct and ethics governing lawyers.

[Doc. #1 at pp. 3-4]. (In her Amended and Supplemental Petition for Damages [Doc. #45], plaintiff expanded on these allegations.) The facts alleged in this civil action concern plaintiff's divorce proceeding in Louisiana state court. As noted above, this Court dismissed the case with prejudice

because it lacked subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. [Doc. #59].

In this action, plaintiff alleges that the Shorty defendants: (1) failed to identify Entergy Corporation ("Entergy") as a defendant; (2) conspired to protect Entergy; (3) failed to adequately represent plaintiff in the state-court proceeding; (4) deliberately and intentionally misrepresented facts; (5) acted in concert to deprive plaintiff of her property and entitlements; and (6) acted in bad faith in the state-court proceeding and in violation of the professional code of conduct and ethics that govern attorneys. [Doc. #6 at pp. 4, 6, 7, 8]. Plaintiff's allegations in this suit arise out of her personal injury suit in state court – *not her divorce proceeding*. The District Court here dismissed the claims without prejudice – not on the basis of the *Rooker-Feldman* doctrine – but on the ground, *inter alia*, that plaintiff failed to allege a violation of a right secured by the Constitution and the laws of the United States and to plead facts that the Shorty defendants acted under color of state law. [Doc. #61]. (At the oral hearing on the motions for sanctions, plaintiff was similarly unable to allege to this Court a right secured by the Constitution.)

While the Court sympathizes with the frustration that the Shorty defendants have undergone, this Court can not say that these two federal suits arose out of the same transaction. The first federal suit arose out of allegations of the Shorty defendants' conduct in the divorce proceeding. This second federal suit – while admittedly alleging some of the same conduct – arose out of the Shorty defendants' conduct in the personal injury suit. Indeed, the allegations in this suit – especially those concerning Entergy – are different than those alleged in the first federal suit.[4] Admittedly, plaintiff

---

[4] It is also true that plaintiff's Petition for Damages and Request for Trial by Jury in state court includes allegations similar to those here and addresses the Shorty defendants' conduct in both the divorce proceeding and the personal injury suit. (*See* Ex. A., attached to the Shorty

should have included the allegations in this second federal suit in her first federal complaint to save time and money for all, including the Court. But there is no bar to filing a second suit that arises out of a separate transaction, even if the second suit includes defendants from the first suit.[5] Accordingly, the Court recommends denial of defendants' motion for sanctions.

Notwithstanding this Court's recommendation, the Court recognizes that plaintiff appears to be litigious in nature, especially with regard to the Shorty defendants. Given the summary dismissal of the Shorty defendants from both of plaintiff's federal lawsuits, the Court cautions plaintiff that any further suit against these particular defendants will receive strict scrutiny from this Court. This is especially so in light of plaintiff's consistent application to proceed *in forma pauperis* in her federal suits.[6] The Court does not take it lightly that plaintiff has decided to shift her case-filing costs for her complaints against the Shorty defendants to the taxpayers by continuously pursuing *in forma pauperis* status in this Court. *See Baker*, 2005 WL 1411905, *2 ("Worse, in many of these filings Baker has successfully shifted his case-filing cost to the taxpayers by pursuing IFP

---

Defs.' Mem. In Supp. of Mot. to Dismiss Pl.s' Compl. [Doc. #24-10]).

[5] There has been no ruling here on the doctrines of *res judicata* or collateral estoppel that would weigh in favor of an award of sanctions. *See, e.g., Lee v. Criterion Ins. Co.*, 659 F. Supp. 813, 821 (S.D. Ga. 1987) ("Sanctions are especially appropriate in situations where the doctrines of *res judicata* and collateral estoppel plainly preclude relitigation of the suit." (quotations omitted)).

[6] The Court notes that plaintiff filed a similar suit against judges, law firms and other defendants in this Court and moved – and was allowed – to proceed *in forma pauperis*. *Turner v. Cade, et al.*, Civ. A. No. 08-4951 (E.D. La., filed Nov. 17, 2008). The District Court there also dismissed plaintiff's complaint with prejudice on the ground that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. [Doc. #85]. There, the District Court also denied defendants' Motion to Traverse Plaintiff's Affidavit of Poverty and for the Assessment of Costs of Previously Accrued Expenses. [Doc. #95].

8

status. He thus has evidenced a determination to repeatedly sue on the same, now-frivolous cause of action, in part *at the taxpayers' expense*." (emphasis in original)). The Court hereby forewarns plaintiff to tread lightly with regard to filing potentially repetitive and frivolous suits against the Shorty defendants in this Court.

        **2.     Plaintiffs' Motion for Sanctions**

A motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In her motion, plaintiff has wholly failed to provide this Court with any evidence that the Shorty defendants' conduct violated Rule 11(b) in this federal suit. Accordingly, the Court also recommends denial of plaintiff's motion for sanctions.

**IV.    Conclusion**

For the foregoing reasons, the Court RECOMMENDS that the Shorty defendants' Motion for Rule 11 Sanctions [Doc. #45] be DENIED and that plaintiff's Motion for Sanctions and Rule to Show Cause [Doc. #70] be similarly DENIED.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) & 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this <u>28th</u> day of December, 2009.

9

*[signature]*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**