UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTOINETTE ANDERSON | CIVIL ACTION |
| VERSUS | NO: 09-4160 |
| LAW FIRM OF SHORTY DOOLEY & HALL, ET AL. | SECTION: R(1) |

**ORDER AND REASONS**

Before the Court is defendants the City of New Orleans (the City)'s and Assistant City Attorney Derek Mercadel's motion to dismiss, or in the alternative motion for summary judgment. (R. Doc. 69.) Anderson has not opposed the motion. For the following reasons, defendants' motion to dismiss is GRANTED.

I.  BACKGROUND

On April 12, 2006, plaintiff Antoinette Anderson was involved in a one-car accident in the Milan neighborhood of New Orleans. Specifically, Anderson was a passenger in a car that drove into a hole at the intersection of Milan and South Miro

Streets, and she claims to have suffered back and hip injuries as a result. (*See* R. Doc. 6-1 ¶¶ 7-8.) After the accident, Anderson pursued a personal injury action in the Civil District Court for the Parish of Orleans. (*Id.* ¶ 10.) The City and Mercadel were among the defendants in the state court action.

Anderson filed this federal action on August 8, 2009, invoking the Court's federal question jurisdiction. (*Id.* ¶ 1.) The suit was brought under 42 U.S.C. §§ 1983 and 1985 to redress purported due process and equal protection violations occurring during the state court proceedings. Anderson's federal complaint makes the following relevant factual allegations:

1. Under color of law, the City and Mercadel acted in collusion and conspired with private actors to deprive Anderson of her property and liberty interest and rights protected under the U.S. Constitution. (*Id.* 2.)

2. The City and Mercadel acted in collusion and conspired with private actors to deny and deprive Anderson of her civil rights. (*Id.* ¶ 3.)

3. The City and Entergy Corporation executed a franchise agreement that contains provisions permitting Entergy Corporation or its subsidiaries to perform public work on City property without notice of public work activities. (*Id.* ¶ 4.)

4. The City denied liability in the state court action and asserted comparative fault as an affirmative defense. (*Id.* ¶¶ 12, 17, 30.)
5. All defendants acted in concert to protect Entergy Corporation by failing to identify it as a defendant and failing to object to its dismissal from the lawsuit. (*Id.* ¶ 23; *see also id.* ¶ 24.)
6. The City failed to investigate alleged facts and responded in bad faith. (*Id.* ¶ 25.)
7. The City concealed information relating to public work being conducted at Milan and South Miro Street during the period of the vehicle accident that caused Anderson's injuries. (R. Doc. ¶ 28.)
8. The City acted in bad faith, negligently, and with intent to inflict emotional stress on Anderson. (R. Doc. ¶¶ 39, 40.)

On October 13, 2009, the magistrate judge denied Anderson's first motion to file an amended and supplemental complaint because it was deemed futile. (*See* R. Doc. 44.) On November 16, 2009, this Court dismissed without prejudice Anderson's claims

against all defendants except the City and Mercadel.[1] (R. Doc. 61.) The Court now dismisses Anderson's claims against the City and Mercadel.

## II. LEGAL STANDARD

To survive a Rule 12(c) or 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (stating that Rule 12(c) motion is subject to same standards as 12(b)(6) motion). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The factual allegations must "raise a reasonable expectation that discovery will reveal evidence" of liability. *Twombly*, 550 U.S. at 556. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not,

---

[1] The City and Mercadel were the only defendants without motions to dismiss pending as of November 16, 2009.

however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 149-50. Although *pro se* plaintiffs are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

**III. DISCUSSION**

**A.     Section 1983**

To maintain a claim under 42 U.S.C. § 1983, Anderson must allege that the City and Mercadel violated a right secured by the Constitution and the laws of the United States, and show that the deprivation was committed by a person acting under color of state law. *See Cornish v. Corr. Servs. Corp.* 402 F.3d 545, 549 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Anderson has failed to state a claim under § 1983 because she has failed to allege a violation of a right secured by the Constitution and the laws of the United States. The gravamen of Anderson's complaint is that the City, through Mercadel, violated her due process and equal protection rights by contesting liability for her personal injury claims. Although this alleged conduct may have diminished the prospects of her state court

proceedings, it does not violate her constitutional rights. The Constitution does not prohibit the vigorous defense of lawsuits. *See Powell v. Worker's Comp. Bd. of the State of N.Y.*, 327 F.2d 131, 137 (2d Cir. 1964) (finding that "allegations contained in [§§ 1983 and 1985(c)] complaint indicate no more than the action of several interested parties to a . . . proceeding, who sought vigorously to protect their own interests"). Nor does the City's alleged discovery conduct implicate the Constitution. The appropriate avenue of relief for discovery violations in state court is to file a motion to compel or seek appellate review in state court. *See Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986) ("A lengthy line of decisions in our court . . . holds that litigants may not obtain review of state court actions by filing complaints about those action in lower federal courts cast in the form of civil rights suits."); *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (holding that "federal district courts lack jurisdiction to entertain collateral attacks on state judgments"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Anderson calls on this Court to review issues that are "inextricably intertwined" with the outcomes of her state court proceedings, and the originality of this Court's jurisdiction precludes such review. *Shepherd*, 23 F.3d at 924.

Anderson asserts that the City executed a "franchise agreement" that permits Entergy Corporation "to perform public work on City property without notice of public work activities." (*Id.* ¶ 4.) This allegation has nothing to do with the alleged Constitutional violations in this case, *i.e.*, misconduct in state court proceedings. Accordingly, this allegation does not support Anderson's §1983 action.

For the reasons stated, Anderson's § 1983 claims against the City and Mercadel must be DISMISSED WITH PREJUDICE.

**B.  Section 1985**

To maintain a claim under 42 U.S.C. § 1985(c), a plaintiff must allege (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). In addition, the plaintiff must allege "discriminatory animus" based on race, some other inherited or immutable characteristics, or political beliefs or associations. *Galloway v. State of La.*, 817 F.2d 1154, 1159 (5th Cir. 1987).

Anderson has failed to state a claim under § 1985 for several reasons. First, as already discussed, she has failed to sufficiently allege a deprivation of the equal protection of the laws. Second, she has failed to sufficiently allege the existence of a conspiracy. Anderson's conclusory allegations that defendants acted in collusion suggest "no more than the action of several interested parties to a . . . proceeding, who sought vigorously to protect their own interest, coupled with the normal administrative processes of adjudication." *Powell*, 327 F.2d at 137. Third, Anderson has failed to allege that she was subject to discriminatory animus based on her membership in a protected class. Anderson alleges misconduct in the state court proceedings, but she does not allege that this misconduct has anything to do with her immutable characteristics or political beliefs.

For the reasons stated, Anderson's § 1985 claims against the City and Mercadel must be DISMISSED WITH PREJUDICE.

**C. Pendent state law claims**

Having dismissed Anderson's §§ 1983 and 1985 claims, the Court also exercises its wide discretion and DISMISSES WITHOUT PREJUDICE Anderson's pendent state law claims against the City and Mercadel. *See Robertson v. Neuromedical Ctr.*, 161 F.3d 292,

296 (5th Cir. 1998); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

IV. **CONCLUSION**

For the reasons stated, the City's and Mercadel's motion to dismiss is GRANTED. Anderson's claims under 42 U.S.C. §§ 1983 and 1985 are DISMISSED WITH PREJUDICE. Anderson's state law claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 4th day of January, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE